[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, a Minnesota State prisoner, complains that he is entitled to all the rights, privileges and benefits as if housed with the Minnesota Department of Corrections including being confined within a single cell and contact visiting, pursuant to the Interstate Corrections Compact.
Since being housed in MacDougall Correctional Institution he claims that being doubled celled has resulted in altercations and other problems resulting in disciplinary reports. He also claims his visitors have had to be separated from him by large tables.
The Interstate Corrections Compact as adopted by the participating states and as adopted by the State of Connecticut in Connecticut General Statute 18-106 provides in Article IV (e) "All inmates who may be confined in an institution pursuant to the provisions of this Compact shall be treated in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution. The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending CT Page 5529 state." The petitioner misreads "legal rights" to mean that since he had a single cell in Minnesota before being transferred to Connecticut, he is so entitled in Connecticut. That is certainly not the intendment of the Compact for it specifically states otherwise. In fact the petitioner even if housed in a high security facility in Minnesota would not be entitled to a single cell since the Minnesota Statute 243.53
only provides single cells "when there are cells sufficient."
The petitioner has failed to show that he is being treated differently than any other inmate at MacDougall as to the use of a two inmate cell or as to lack of contact visiting. Nor has he shown that the warden or Commissioner of Corrections is acting in that manner unlawfully. Brown v.Lundgren, 528 F.2d 1050, 1053 (5th Cir.), cert. denied,429 U.S. 917
For the above reasons the petition is denied.
Corrigan, JTR